[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
In the court's July 30, 2001 memorandum of decision, the court concluded that the gross earnings tax statute was not ambiguous in taxing hospital charges for "patient care services which included items of personal property "necessary" for the hospital to complete its delivery of patient care services. (Memorandum of Decision, p. 12.) The defendant has filed a motion for articulation requesting this court to articulate on whether the court's use of the term "necessary" creates a factual issue requiring a determination of what personal property was necessary to the delivery of the patient care services, and what personal property was not necessary. The defendant's motion for articulation is granted.
General Statutes § 12-263a(8) provides that "`patient care services' means therapeutic and diagnostic medical services provided by the hospital to inpatients and outpatients, including tangible personal property transferred in connection with such services." The court found that. the term "patient care services in section 12-263a was not ambiguous. By using the term "necessary" rather than "in connection with," this court did not intend to interpret the language of the statute in such a way to change or narrow the scope of the definition of "patient CT Page 13652 care services" subject to taxation. In this decision, the statement "the attendant items of personal property that are necessary for the hospital to complete its delivery of patient care services" is synonymous with the phrase in General Statutes § 12-263a(8) "tangible personal property transferred in connection with such services.
Arnold W. Aronson Judge Trial Referee